IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICODEMO DIPIETRO             :       CIVIL ACTION
                                             :
       v.                              :
                                             :
BRIAN V. COLEMAN, et al.      :       NO.  13-6438

## **MEMORANDUM AND ORDER**

On November 1, 2013, DiPietro, through counsel, filed a petition for habeas corpus, presenting several claims challenging the constitutionality of his 2001 Pennsylvania murder conviction.  In the accompanying memorandum  (Doc. 1-2 at 37) and in two subsequent filings (Docs. 13 & 15), citing security interests, Petitioner seeks to seal the entire record of this habeas proceeding.[1]  Respondents oppose such sealing based on the common law presumption of public access to court proceedings and records.  Doc. 14 at 25 n.19.  After holding oral argument on the sealing motion, and for the reasons stated below, I will deny the motion to seal.[2]

Judicial records, including the filings in court, are subject to a strong common law presumption of public access.  In re Cendent Corp., 260 F.3d  183, 192 (3d Cir. 2001); Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994); Leucadia, Inc. v. Applied

---

[1]The Honorable John R. Padova referred the matter to the undersigned for a Report and Recommendation on  December 16, 2013.  See Doc. 2.

[2]During oral argument, the Assistant District Attorney suggested that the court could address Petitioner's claims without referring to the specific information underlying Petitioner's claims.  Petitioner's counsel rejected this suggestion, noting that discussion of the underlying information is essential to consideration of Petitioner's claims.  I agree with Petitioner that a thorough and transparent evaluation of his claims will of necessity require a discussion of the alleged facts that motivate his motion to seal.

Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993). "The credibility of our system of justice is predicated on the openness of its processes and proceedings." Pugliano v. Grace Holmes, Inc., Civ. No. 11-1562, 2012 WL 1866380, at *1 (W.D. Pa. May 22, 2012), see also United States v. Cianfrani, 573 F.2d 835, 847 (3d Cir. 1978) ("The sixth amendment reflects the traditional Anglo-American distrust for secret trials and is an expression of our belief that the knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power.").

"[G]enerally, a party wishing to seal documents must demonstrate at least good cause for the sealing." Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd., Civ. No. 09-290, 2013 WL 1674190, at *2 (W.D. Pa. Apr. 17, 2013) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

> Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing.

Pansy, 23 F.3d at 786. In weighing the competing interests, the court should consider (1) whether disclosure would violate any privacy interest, (2) whether the information was being sought for a legitimate or improper purpose, (3) whether disclosure would cause a party embarrassment, (4) whether confidentiality was being sought over information important to public health and safety, (5) whether the sharing of information among litigants would promote fairness and efficiency, (6) whether a party benefitting from the order of confidentiality was a public entity or official, and (7) whether the case

involves issues important to the public. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (citing Pansy, 23 F.3d at 7687-91).[3]

However, when the request is to seal an entire record, the Third Circuit has applied a "compelling interests" standard. Carnegie Mellon, 2013 WL 1674190, at \*2 (citing Miller, 16 F.3d at 551; Hart v. Tannery, 461 Fed. Appx. 79, 81 (3d Cir. 2012)). In order to seal the record in an ordinary civil case, the Third Circuit has held that the District Court should "articulate[] the compelling countervailing interests to be protected, ma[k]e specific findings on the record concerning the effects of disclosure, and provide [] an opportunity for interested third parties to be heard." Miller, 16 F.3d at 551.

Whether evaluated utilizing the good cause standard of Pansy or the compelling interest of Miller, DiPietro has failed to meet his burden. As previously mentioned, the Third Circuit held that "[b]road allegations of harm, bereft of specific examples or articulated reasoning are insufficient" to warrant sealing. Cendent Corp., 260 F.3d at 194. In this case, Petitioner cites safety concerns raised by the publication of certain allegedly false information contained in the record, which is related to two of Petitioner's habeas claims. See Docs. 13 & 15. However, Petitioner has not cited any specific threat, only the vague possibility of danger. Such an amorphous possibility does not weigh in favor of sealing.

---

[3]Petitioner's counsel relied on the Sixth Amendment's public trial right and related cases to argue that the interests to be protected were not at issue at this stage of the litigation. The District Attorney focused on the First Amendment right of public access and the underlying interests of transparency of all judicial proceedings.

Moreover, "[p]revious disclosure of information in open court, and even outside of court, operates to waive any right to seal judicial records containing such information." W. Penn Allegheny Health Sys., Inc. v. UPMC, No. 09-480, 2012 WL 512681 (W.D. Pa. Feb. 14, 2012); see also Carnegie Mellon, 2013 WL 1336204, at 5 (slides released in open court with no effort to limit disclosure waived rights to restriction); Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988) (use of exhibits at trial without effort to limit disclosure is a waiver). Here, the allegations that DiPietro seeks to seal in the current proceeding have been in the public records of the Court of Common Pleas of Philadelphia County since late 2001 and the records of the Superior Court since mid-2013, and his similar sealing requests in those proceedings were denied. At oral argument, Petitioner's counsel attempted to draw a distinction between the state court record, which although publicly available, would not be available to fellow inmates online, and this Court's Report and Recommendation, which counsel represented would be available to other inmates.[4] However, even assuming the correctness of counsel's representations about availability of various records, ease of access does not negate the fact that the information is and has been in the public record for nearly 13 years. Petitioner's litigation of the same issues in this forum may cause repetition of the allegations from which he seeks protection, but the allegations, themselves, would remain in the public forum in the state court record. For this additional reason, DiPietro has failed to meet his burden to justify sealing the record.

---

[4] Even had Petitioner asked to seal only the Report and Recommendation, he has not met his burden to justify sealing.

In the most recent motion to seal and at oral argument, Petitioner's counsel represented that if the court denies the motion to seal, Petitioner will seek to withdraw his habeas petition. According to counsel, she has repeatedly instructed Petitioner in writing that withdrawal of this habeas petition will render any future petition untimely and leave Petitioner without any opportunity to obtain federal review of his habeas claims.

Having now determined that there is no basis to seal the record in this case, I will give Petitioner twenty-one days to file a motion to withdraw his petition. Absent such a motion, I will proceed to address Petitioner's claims in a Report and Recommendation for the District Court.[5]

An appropriate Order follows.

---

[5] If Petitioner opts to withdraw his petition, upon receipt of such motion, I will prepare a report recommending that the motion to withdraw be granted without discussing the merits of Petitioner's habeas claims.