IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICODEMO DIPIETRO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al. | : | NO. 13-6438 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                                                  February 7, 2023

   *Pro se* Petitioner Nicodemo DiPietro, a prisoner in state custody serving a life sentence following his August 2001 conviction in Philadelphia County for first-degree murder, firearms not to be carried without a license, attempted robbery of a motor vehicle, and simple assault, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 30.)  DiPietro seeks to reopen the judgment dismissing on the merits his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons that follow, we dismiss the Motion as an unauthorized second or successive habeas petition over which we lack jurisdiction.

**I.      BACKGROUND**

   The procedural history and factual background of DiPietro's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Elizabeth T. Hey.  (ECF No. 22); *DiPietro v. Gilmore*, No. 13-6438, 2015 WL 3970911, at *6-7 (E.D. Pa. June 29, 2015).  Accordingly, we outline only the information necessary to place the instant Motion in context.  Following the denial of a counseled petition for post-conviction relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541,[1] DiPietro filed a counseled § 2254 petition asserting the following claims for relief:

---

[1] On June 23, 2009, DiPietro filed a counseled PCRA petition, claiming ineffective assistance of counsel in (1) opening the door and not rebutting prejudicial statements made by the prosecutor, (2) failing to obtain exculpatory discovery, and (3) failing to object to the prosecutor's

> (1) a due process violation in the prosecutor's failure to turn over the complete police summary of the interview with the FBI agent, (2) a due process violation in the prosecutor's misconduct during closing argument, (3) [ineffective assistance of counsel] in opening the door and not rebutting prejudicial statements by the prosecutor, (4) [ineffective assistance of counsel] in failing to obtain the exculpatory information in the complete police summary, (5) [ineffective assistance of counsel] in not objecting to the prosecutor's reference to prejudicial bad acts, and (6) [ineffective assistance of counsel] in failing to federalize on appeal the claims of (a) insufficiency of the evidence and (b) after-discovered evidence requiring a new trial based on the missing pages of the police summary.

(*See* ECF No. 1); *DiPietro*, 2015 WL 3970911, at *7.

Magistrate Judge Hey recommended that the § 2254 petition be denied with prejudice and without an evidentiary hearing, concluding that all of the claims were meritless under the standards provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1) (providing that a federal habeas court may overturn a state court's resolution of the merits of a constitutional issue only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."). (ECF No. 22); *DiPietro,* 2015 WL 3970911, at *21. DiPietro filed Objections to the Report and Recommendation on April 21, 2015. (ECF No. 24.) In an Order-Memorandum dated June 29, 2015, we carefully considered and overruled DiPietro's Objections, adopted the Report and Recommendation, denied the petition with prejudice, and determined that there was no probable cause to issue a certificate of appealability. (ECF Nos. 26-27); *DiPietro*, 2015 WL 3970911, at *1-6.

---

discussion of uncharged bad acts before the jury. *DiPietro*, 2015 WL 3970911, at *7. On January 29, 2012, the PCRA court denied the petition without a hearing, and the Pennsylvania Superior Court affirmed the dismissal on July 24, 2013. *Id.* DiPietro did not seek further review with the Pennsylvania Supreme Court. *Id.*

In the current Motion, DiPietro mistakenly avers that we denied certain of his habeas claims based on procedural default and thus, failed to consider those claims on the merits.[2] (ECF No. 30 at 4.)[3] Although Magistrate Judge Hey initially recommended that two of DiPietro's claims for ineffectiveness of counsel were procedurally defaulted, she also examined the merits of those claims, and ultimately recommended that we deny both claims because they lacked substantive merit.[4] *DiPietro*, 2015 WL 3970911, at *18-20. Moreover, in ruling on DiPietro's objections, we specifically stated that we were not reaching the question of DiPietro's procedural default of those ineffectiveness claims because we could "find no error in the Magistrate Judge's analysis of the merits of the . . . claims." *DiPietro*, 2015 WL 3970911, at *5. Accordingly, as stated above, we adopted the Report and Recommendation, and dismissed DiPietro's petition with prejudice. (ECF Nos. 26-27); *DiPietro*, 2015 WL 3970911, at *1-6.

DiPietro seeks relief pursuant to Rule 60(b), asserting that (1) a procedural error arose from the failure to consider two of his claims of counsel ineffectiveness on the merits and (2) correspondence he received from a journalist constitutes newly discovered evidence. (ECF No.

---

[2] Specifically, DiPietro asserts that "[p]rocedural error aris[es] from the failure to consider" his "claim of ineffectiveness for failing to federalize two arguments on direct appeal, specifically, that the evidence was insufficient to sustain the verdict and that the [Piree] Memo constituted after-discovered evidence." (ECF No. 30 at 3 ¶ 10 and 4 ¶ 19(A)).

[3] We adopt the pagination supplied by the CM/ECF docketing system.

[4] Specifically, Magistrate Judge Hey recommended, based on her review of the trial evidence, that the Superior Court's analysis was fully adequate to dispose of DiPietro's sufficiency of the evidence claim. *DiPietro*, 2015 WL 3970911, at *19. She reasoned that the in-court identification of DiPietro as the shooter and the prompt recovery of the murder weapon from DiPietro was sufficient to establish DiPietro's guilt despite a lack of complete consistency in the prosecution's evidence. *Id*. Moreover, with respect to DiPietro's claim that the "[Piree] memo constituted after-discovered evidence," Magistrate Judge Hey recommended that DiPietro was not entitled to relief, because there is no federal due process right to a new trial based on new evidence. *Id*. at 19.

30 at 3-4.) With respect to his claim of newly discovered evidence, DiPietro asserts more specifically as follows:

> On September 26, 2019, [DiPietro] received correspondence from journalist Nick Christopher informing him that [Christopher] had researched transcripts from [DiPietro]'s first trial that ended in mistrial and observed where counsel "sold [DiPietro] out" and forwarded a copy of the transcript pages revealing that counsel informed the prosecutor and judge prior to the second [trial] that [DiPietro] told counsel that he did the crime.

(ECF No. 30 at 3 ¶ 12.)

## II.  STANDARDS

### A.  Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B.  Second or Successive Habeas Petitions

Because this is a federal habeas action, we must first evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. AEDPA mandates that

before a state prisoner may file a second or successive habeas petition, which challenges a judgment of sentence that he has previously challenged in habeas, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (stating that a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances under which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, is not available to a state prisoner seeking habeas relief.[5] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.* at 531-32 (quoting § 2244(b)(1) and (2)); *see id*. at 530 (defining "claim" as "an asserted federal basis for relief from a state court's judgment of conviction"). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be

---

[5] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (alteration in original) (footnote omitted) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it either challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

### III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before us is whether DiPietro's Rule 60(b) motion is a true Rule 60(b) motion or a successive habeas petition. DiPietro indicates in his Motion that he seeks relief on the basis of Rule 60(b)(6). (ECF No. 30 at 4 ¶ 19(A).) However, it is plain that DiPietro is actually attempting to relitigate the merits of his prior ineffectiveness claims regarding the failure of counsel to "federalize two arguments on direct appeal, specifically, that the evidence was insufficient to sustain the verdict and that the [Piree] Memo constituted after-discovered evidence." (ECF No. 30 at 3 ¶ 10 and 4 ¶ 19). As noted above, we rejected both of those claims on the merits, based on our own review of the record and the recommendations of Magistrate Judge Hey.

*DiPietro*, 2015 WL 3970911, at *5, 19.  DiPietro also attempts to assert a new habeas claim based on newly discovered evidence pursuant to either Rule 60(b)(2) or 60(b)(6).  (ECF No. 30 at 4 ¶ 19(B)).  DiPietro is therefore attempting to assert substantive habeas claims that challenge his judgment of sentence, and we must construe the Motion as an unauthorized second or successive habeas petition.  Because he has not received authorization from the Court of Appeals to file another federal habeas petition attacking his judgment of sentence, we lack jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

BY THE COURT:

/s/ John R. Padova, J.

_____
JOHN R. PADOVA, J.